IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JAR Investments, Inc., : 
            Appellant : 
             : 
       v. : No. 643 C.D. 2021
             : 
Council of the Municipality : 
of Norristown : Submitted: August 12, 2022

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                       FILED:  October 27, 2022

Appellant JAR Investments, Inc. (JAR Investments) appeals from the Court of Common Pleas of Montgomery County's (Common Pleas) May 20, 2021 order, through which Common Pleas affirmed the Council of the Municipality of Norristown's (Council) September 1, 2020 decision (Decision).[1] Through that Decision, the Council declined to approve JAR Investments' preliminary application for land development approval (Preliminary Plan) regarding a property located at 750 Forrest Avenue in Norristown, Pennsylvania (Property). We affirm.

On April 2, 2020, JAR Investments submitted its Preliminary Plan for the Property to Jayne Musonye, the Municipality of Norristown's (Municipality)

---

[1] The Council's action was announced orally at a public hearing on August 18, 2020, but the formal, written Decision memorializing that action was not issued until September 1, 2020.

Director of Planning. *See* Common Pleas Record (C.P.R.) at 52-64.[2] Through this Preliminary Plan, JAR Investments proposed to build seven townhomes on the Property, each of which would have detached garages that were accessible through a shared private driveway. *See id.* at 55.[3]

Khaled R. Hassan, PE, a municipal engineer, then reviewed the Preliminary Plan on the Municipality's behalf. Mr. Hassan memorialized his analysis in a letter sent to Ms. Musonye on June 1, 2020. *Id.* at 174-80.[4] Therein, he noted that the Municipality's Zoning Hearing Board had previously granted JAR Investments four dimensional variances for its proposed development, as well as that JAR Investments was seeking four waivers regarding several requirements imposed by the Municipality's Stormwater Management Ordinance (SMO)[5] and Subdivision and Land Development Ordinance (SALDO).[6] *Id.* at 174-75. Mr. Hassan concluded that the Preliminary Plan did not comply with numerous provisions of the Municipality's

---

[2] The Record provided to our Court by Common Pleas came in the form of a PDF document that does not have consistent pagination. In light of this, our citations to this Record reflect the location of each referenced item in the PDF document (*e.g.*, an item that is on the 50th page of the Record would be cited as "C.P.R. at 50").

[3] On April 17, 2020, Ms. Musonye forwarded the Preliminary Plan to the Montgomery County Planning Commission (Planning Commission). C.P.R. at 168. The Planning Commission responded on May 22, 2020, via a letter in which it stated that it "generally support[ed]" approval of the Preliminary Plan, but also recognized that its recommendation to the Municipality was merely advisory in nature. *Id.* at 168-70.

[4] Mr. Hassan also sent this review letter to JAR Investments. *See* C.P.R. at 180.

[5] Borough of Norristown Stormwater Management Ordinance, Montgomery County, Pa., *as amended* (2006).

[6] Municipality of Norristown Subdivision and Land Development Ordinance of 2012, Montgomery County, Pa., *as amended* (2012).

SMO, SALDO, and Zoning Ordinance.[7] *Id.* at 175-79. Nevertheless, he recommended that the Council approve the Preliminary Plan, but condition final approval on JAR Investments remedying the deficiencies that he had identified in the Preliminary Plan. *Id.* at 180. On August 13, 2020, five days before the Council was scheduled to hold a public hearing regarding the Preliminary Plan, JAR Investments submitted a revised Preliminary Plan in response to Mr. Hassan's comments. *Id.* at 182-201. Through this revised Preliminary Plan, JAR Investments requested seven more waivers from the requirements imposed by the Municipality's SMO and SALDO, while also reiterating its request for the four waivers it had sought through the original version of the Preliminary Plan. *Id.* at 182-86, 200-01.

On the morning of August 18, 2020, the Municipality's counsel emailed JAR Investments a draft resolution regarding the Preliminary Plan that would be put before the Council at the public hearing later that day. Counsel explained that he was doing so "as a professional courtesy" and stressed that the draft resolution should not be taken as an indication of how the Council would dispose of the Preliminary Plan, or whether the draft resolution would ultimately be approved in its then-current form. *Id.* at 203-10. Among other things, this draft resolution noted that JAR Investments was in arrears to the Municipality for property taxes and trash/refuse fees that had been assessed to properties owned by JAR Investments in Norristown. *Id.* at 207.

The Council then held the scheduled public hearing on the evening of August 18, 2020. After discussing JAR Investments' delinquent taxes, the Council unanimously declined to approve the Preliminary Plan. *Id.* at 216-17. This denial was formalized on September 1, 2020, through the Decision. Therein, the Council

_____

[7] Municipality of Norristown Zoning Ordinance, Montgomery County, Pa., *as amended* (2016).

explained that this denial was predicated upon two points. First, the Council noted that JAR Investments was delinquent on paying property taxes and trash/refuse fees for numerous properties it owned in Norristown, and specifically referenced two opinions issued by this Court that had affirmed Common Pleas' entry of judgment regarding tax liens the Municipality had placed upon two of JAR Investments' properties. *Id.* at 222-26. The Council asserted that, due to these outstanding delinquencies, it was authorized to deny the Preliminary Plan pursuant to Section 6131 of the Neighborhood Blight Reclamation and Revitalization Act (Blight Act), 53 Pa. C.S. § 6131.[8] *Id.* at 222-23, 226. Second, the Council stated that the denial was also justified due to the Preliminary Plan's deficiencies that Mr. Hassan had identified in his June 1, 2020 review letter. The Commonwealth Court opinions were appended to the Decision, while the review letter was incorporated by reference. *See id.* at 222, 226-45.

In response, JAR Investments appealed the Council's Decision to Common Pleas on September 29, 2020. Common Pleas took no additional evidence and, on May 20, 2021, affirmed the Council. This appeal to our Court followed shortly thereafter.

On appeal, JAR Investments presents four arguments for our consideration, which we summarize as follows. First, Common Pleas erred by concluding that the Council had not operated in bad faith within the context of both the Council's review and eventual denial of the Preliminary Plan. JAR Investments' Br. at 9-11. Second, the Council abused its discretion and erred as a matter of law by using Section 6131 of the Blight Act as a reason for this denial. *Id.* at 11-13. Third, the Council abused

---

[8] Common Pleas, JAR Investments, and the Municipality all refer to the Blight Act as "Act 90." *See* Common Pleas Op. at 7-10; JAR Investment's Br. at 7-13; Municipality's Br. at 9-13, 15, 22-26, 28-30.

its discretion and committed an error of law by incorporating Mr. Hassan's review letter into its Decision by reference and using the deficiencies highlighted in that letter as justification for declining to approve the Preliminary Plan. *Id.* at 14-17. Finally, the Council abused its discretion by failing to approve the Preliminary Plan on the condition that JAR Investments adequately address the concerns highlighted in that review letter prior to final approval. *Id.* at 17-18.

After thorough review of the factual and legal issues at play in this appeal, we conclude that we fully agree with the Honorable Daniel J. Clifford's analysis of JAR Investments' arguments, as articulated by him in his thorough and well-reasoned opinion for this matter, which was docketed in *JAR Investments v. Council of the Municipality of Norristown*, (C.C.P. Montgomery Cnty., No. 2020-15663, filed January 26, 2022). Accordingly, we adopt Judge Clifford's analysis for purposes of appellate review, and affirm Common Pleas' May 20, 2021 order on the basis of the rationale discussed by him in his opinion.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JAR Investments, Inc.,                      :
                            Appellant       :
                                            :
        v.                                  :    No. 643 C.D. 2021
                                            :
Council of the Municipality                 :
of Norristown                               :

# O R D E R

AND NOW, this 27th day of October, 2022, it is hereby ORDERED that the Court of Common Pleas of Montgomery County's (Common Pleas) May 20, 2021 order is AFFIRMED. It is FURTHER ORDERED that this Court adopts in full, for purposes of appellate review in this matter, the legal analysis articulated by Common Pleas in its opinion regarding the matter *JAR Investments v. Council of the Municipality of Norristown*, (C.C.P. Montgomery Cnty., No. 2020-15663, filed January 26, 2022), and affirms Common Pleas' May 20, 2021 order on the basis of that opinion's rationale.


                                        _____
                                        ELLEN CEISLER, Judge